Rockingham,
March 4, 1919.

CHRISTOPHER LEWIS, *Adm'r*, *v.* BOSTON & MAINE RAILROAD.

An action against a railroad for causing the death of one killed in attempting to board a moving vestibule car after the doors were closed cannot be maintained in the absence of evidence that the defendant knew of the presence of the deceased on the step of the car in time to have prevented his fall therefrom.

CASE, for causing the death of plaintiff's intestate. Transferred by *Allen*, J., from the October term, 1917, of the superior court on the plaintiff's exception to a nonsuit. The intestate was in the Newburyport station when the Portsmouth train arrived. It made the usual stop, and after it started and the vestibule doors had been closed, the intestate stepped onto the lower step of a passing car and rapped on the vestibule door, but no one opened it, and he was thrown from the train and killed. Other facts sufficiently appear from the opinion.

*Ernest L. Guptill*, *Ralph C. Gray* and *Robert C. Burke* (of Massachusetts) (*Mr. Guptill* orally), for the plaintiff.

*Hughes & Doe* and *Albert R. Hatch* (*Mr. Doe* orally), for the defendants.

YOUNG, J. The plaintiff cannot recover unless he shows that the defendants were in fault. *Hill* v. *Railroad*, 77 N. H. 151. The evidence on which he relies to prove that fact is the testimony of several witnesses who saw a trainman entering the car from the vestibule just as the intestate began to rap on the vestibule door. This is insufficient to prove that they actually knew of it in time to prevent the accident. It cannot be found, therefore, that the defendants were in fault, for there is no evidence which even tends to prove that the defendants ought to have anticipated that the intestate might attempt to board the train when and as he did.

*Exception overruled.*

PLUMMER, J., was absent: the others concurred.